# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-24504-CV-COOKE/TORRES

FLEXFUNDS ETP, LLC,

    Plaintiff,

v.

MARKETP, LLC. *et al.*,

    Defendants.

_____/

## ORDER ON PLAINTIFFS' MOTION TO FOR LEAVE TO FILE AN AMENDED COMPLAINT

This matter is before the Court upon Plaintiff's Motion for Leave to File an Amended Complaint, filed on June 27, 2017. [D.E. 49]. Defendants filed their Response in Opposition to the Motion on July 7, 2017 [D.E. 57], and Plaintiff's Reply followed on July 12. [D.E. 29]. Having reviewed the Parties' briefing on the matter, in addition to the relevant authorities and the record before us, we hold that Plaintiff's Motion is **DENIED**.

### I. *FACTUAL BACKGROUND*

Plaintiff initiated this lawsuit on October 27, 2016, alleging that the various Defendants misappropriated trade secrets, customer lists and other confidential information in connection with the formation of several companies that sold exchange-traded products ("ETPs") nearly identical to those offered by Plaintiff. The six-count Complaint seeks damages against Florent Rigaud ("Rigaud") and several

other companies formed or engaged by Rigaud after he worked for Plaintiff. Specifically, Plaintiff seeks damages against Defendants for trade secret misappropriation under 18 U.S.C. § 1836(b), in addition to state law claims for conversion, unfair competition, trespass to chattels, breach of fiduciary duty and breach of the duty of loyalty.

By brief way of background, FlexFunds provides financial services to various overseas clients and coordinates issuance and administrative services for ETPs. The company engaged Rigaud as manager and director sometime in January of 2015. During the course of his employment with Plaintiff, Rigaud had access to confidential and proprietary information, including the processes by which FlexFunds packaged its individual products and the proprietary services it offered its clients. Rigaud also allegedly gained access to confidential consumer information, compiled by FlexFunds prior to and during the course of Rigaud's employment with the company.

On May 2, 2016, Rigaud tendered his resignation from FlexFunds, to become effective at the end of June of that year. During this time, Plaintiff claims that Rigaud used FlexFunds' proprietary information to form MarkETP, LLC and MarkETP USA, LLC ("METP" and "MUSA," respectively), entities that offered services identical to those provided by FlexFunds. Rigaud then allegedly used the proprietary information to "pitch" competing services to FlexFunds' existing and prospective client base. In addition to Rigaud, the Complaint names Certus Finance, Inc. as Rigaud's "alter ego" entity, and Global Securities Management, a firm that allegedly supported, encouraged and bankrolled the formation of METP and MUSA.

2

The pending issue before the Court is whether Plaintiff should be allowed to amend the Complaint to add breach of contract and tortious interference claims against Rigaud, as well as four additional defendants: Vintage Partners Ltd., MarkETP Holdings Ltd., Global Finance Management Corporation, and Gustavo Hernandez. Plaintiff argues that the additional parties must be added because it became aware of their existence only recently and after the present Defendants engaged in a "dilatory approach to discovery." Defendants oppose amendment at this stage of the proceedings as untimely and improper.

Plaintiff's motion was filed long after the Court's deadline to amend pleadings, which came and went on April 14, 2017. As such, Rule 16 controls. For the reasons stated below, the Motion will be denied.

## II. ANALYSIS

When a party seeks to amend a pleading after the applicable deadline has passed, the party is in effect asking the Court to modify a scheduling order. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998); *see also* FED. R. CIV. P. 16(b)(4) (scheduling order may be amended only for good cause and with the judge's consent). Thus, when a party files a motion for leave to amend a pleading after the relevant deadline has passed, the party must first establish good cause for the belated request. *Sosa*, 133 F.3d at 1418-19. To do otherwise would "render scheduling orders meaningless" and effectively "read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Id.* at 1419.

3

In order to demonstrate good cause that would support untimely amendment of a complaint, the plaintiff must demonstrate diligence. *Id.* at 1418; *see also Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008). We evaluate whether a party acted with diligence by considering the following factors: (1) whether the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; (2) whether the information supporting the proposed amendment was available to the plaintiff; and (3) whether, even after acquiring the information arguably supporting amendment, the plaintiff delayed in seeking said amendment. *See Kernal Records Oy v. Mosley*, 794 F. Supp. 2d 1355, 1368 (S.D. Fla. 2011); *Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc.*, 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009).

Plaintiff moves to amend the Complaint to add four new parties and two new claims against Rigaud by arguing that FlexFunds "could not previously confirm the relationships [of the new parties] to METP and MUSA until Defendants recently provided FFE with appropriate documentation." [D.E. 49, p. 6]. Plaintiff further argues that "[Gustavo] Hernandez's testimony, [and] Defendants' document production, constantly sought to hide relevant entities and frustrate [Plaintiff's] pursuit of justice." *Id.*, p. 6. Yet the record flatly negates this contention, and instead shows that Plaintiff failed to exercise the diligence necessary to support amendment under Rule 16.

In particular, Plaintiff took the deposition of Rigaud on February 2, 2017, and his testimony included discussion about Mr. Hernandez and several of the entities

4

FlexFunds now seeks to add to this action. Specifically, Rigaud described Hernandez as his "business partner" in several ventures formed after his resignation from Plaintiff's employ. Rigaud also disclosed a fifty percent ownership stake in Vintage Partners Ltd. during his deposition, and described it as a company formed under the law of the British Virgin Islands. Plaintiff made no timely effort after this deposition, which took place approximately two months prior to the deadline to amend pleadings, to investigate the various entities discussed or confirm whether Hernandez was involved in the alleged scheme following Rigaud's resignation. Despite having this information relatively early in the litigation, Plaintiff waited until Defendant's fourth document production took place on June 2 to seek leave to amend the Complaint, and this record undercuts any argument that Plaintiff exercised diligence that would support amendment of the Complaint under Rule 16.

Moreover, with regard to MarkETP Holdings Ltd., Plaintiff concedes in its own Motion that Defendants provided FlexFunds with engagement letters with that entity "earlier on in the discovery process," but that its failure to investigate is excused by the fact that it "felt uncomfortable relying on the testimony of Rigaud and Hernandez due to [their] limited credibility." But the relevant inquiry is not whether there was definitive, bullet-proof support for any Motion to Amend, but whether Plaintiff acted with diligence. The fact that Plaintiff possessed this information but failed to ascertain whether it could support an amendment to the Complaint at that time further undermines the argument that Plaintiff satisfies Rule 16's good cause requirement.

5

Nevertheless, Plaintiff contends that amendment is proper because Defendant somehow acted with nefarious intent in producing documents on a "rolling basis." Nothing in the record supports that contention. In fact, Plaintiff agreed to the "rolling" production arrangement at the outset of litigation, and it cannot be said that Defendant failed to act in accordance with that agreement. Additionally, depositions of key Defendants, including Rigaud, took place well before the relevant deadlines set by this Court, and Plaintiff's failure to timely develop potential new Defendants prior to these deadlines cannot now be excused merely because it chose to wait for definitive confirmation it claims it now has as a result of the June 2 document production.

Even if Plaintiff could demonstrate good cause under Rule 16(b), we would still not grant leave to amend the Complaint under Rule 15(a) because of the prejudice that Defendants would suffer if Plaintiff were permitted to add any new claims at this stage in the litigation. We are now five months past the deadline to amend pleadings, and the deadline to conduct discovery expired on July 14, 2017 – roughly two weeks after Plaintiff filed its Motion. Adding new Defendants now would require those entities to retain counsel and prepare for trial – set to take place in approximately ninety (90) days – in an abbreviated timeframe. Further, granting of the Motion now would preclude Defendants from conducting additional discovery and most likely require the re-filing of summary judgment motions. Despite Plaintiff's argument to the contrary, we find that significant prejudice to Defendant would follow if we granted leave to amend at this late juncture. As such, Plaintiff's Motion must be denied pursuant to Rule 15.

### *III.* *CONCLUSION*

In sum, we find that Plaintiff failed to exercise diligence that would allow for amendment of the Complaint because much of the information it contends support the amendment was available to Plaintiff prior to the deadline's passing. Plaintiff filed the Motion more than two months late, and amendment at this late juncture would cause significant prejudice to Defendants. Accordingly, the Motion for Leave to Amend the Complaint under Rules 15 and 16 is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 25th day of September, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge